# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 435 | **DATE** | 7/19/2012 |
| **CASE TITLE** | Vincent Testa, et al. vs. County of Lake, et al. | | |

**DOCKET ENTRY TEXT**

Motion to Dismiss Counts I, IV, VII, VIII, and IX [17] is granted in part and denied in part. Count I is dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendants County of Lake, Mark C. Curran, Jr., sued in his official capacity as Sheriff of Lake County, and Lake County Sheriff's Deputies Ashley Pomazal ("Deputy Pomazal"), Jakub Klatka, and Sergeant Timothy Jonites ("Sergeant Jonites") (collectively, "Defendants") partial motion to dismiss Counts I, IV, VII, VIII, and IX of Plaintiffs Vincent Testa ("Vincent"), Kathleen Testa, and Carl Testa's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

As an initial matter, the Court notes that the parties agree that Count I (false arrest and unlawful detention) should be dismissed. Accordingly, Count I is dismissed. The parties also agree that Counts VII (malicious prosecution), VIII (*respondeat superior*), and IX (indemnification) are not barred by the relevant statute of limitations. Defendants' motion to dismiss Counts VII, VIII, and IX is therefore denied. The only issue remaining is whether Count IV is sufficiently pleaded.

In Count IV, Plaintiffs allege that Vincent was denied necessary medical attention while he was detained at the Lake County Sheriff Waukegan police station. Plaintiffs aver that Deputy Pomazal tasered Vincent in the back, near his spine, at point-blank range, and that Sergeant Jonites punched Vincent in the head, rendering him unconscious. Plaintiffs allege that when Vincent regained consciousness, he felt "excruciating pain in his back." Compl. ¶ 36. Plaintiffs further allege that when Deputy Pomazal discovered that a taser prong was lodged in Vincent's spine, she removed the prong by "tugging at it." Id. ¶ 39. Vincent was transported to Lake County Jail in Waukegan and was held there for approximately seven hours. Plaintiffs allege that Defendants denied Vincent medical treatment while he was in custody despite sustaining visible injuries as a result of Defendants' actions and complaining of those injuries. According to Plaintiffs, Vincent told the jail nurse that he was suffering from a severe headache, but he was not provided with any treatment to alleviate his pain.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a

| STATEMENT |
|---|

plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [their] favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted).

Where, as here, a plaintiff claims that he received constitutionally inadequate medical treatment while detained prior to a judicial determination of probable cause, the Fourth Amendment's reasonableness standard applies. Ortiz v. City of Chi., 656 F.3d 523, 530 (7th Cir. 2011). In determining whether a defendant's conduct was objectively unreasonable, courts analyze: "(1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." Id. (citing Williams v. Rodriguez, 509 F.3d 392, 403 (7th Cir. 2007)). The severity of the medical condition, however, "need not, on its own, rise to the level of objective seriousness required under the Eighth and Fourteenth Amendment. Instead, the Fourth Amendment's reasonableness analysis operates on a sliding scale, balancing the seriousness of the medical need with the third factor—the scope of the requested treatment." Id. at 531 (internal quotation marks and citation omitted). Additionally, "the relatively short period of time that a detainee spends in lockup is pertinent to the analysis." Id.

Defendants argue that Plaintiffs' allegations regarding Vincent's serious medical need are insufficient as a matter of law. The Court disagrees. Plaintiffs' allegations are sufficient to withstand dismissal under Twombly and its progeny. The matters raised in the instant motion are better-suited for resolution at the summary judgment stage of the proceedings. See Gutierrez v. Peters, 111 F.3d 1364, 1372 n.7 (7th Cir. 1997) ("[T]he 'seriousness' determination will often be ill-suited for resolution at the pleading stage and will have to await summary judgment proceedings, at which point a fully developed medical record will inform the court as to the nature of the inmate's condition."). Defendants' motion to dismiss Count IV is therefore denied.

IT IS SO ORDERED.



12C435 Vincent Testa, et al. vs. County of Lake, et al.

Page 2 of 2